STATE OF MAINE  
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT  
PORTLAND  
Docket No. CR-17-7211

STATE OF MAINE )
)
)
v. )
)
)
)
PARLEY E. HANNAN )
)
Defendant )

ORDER ON DEFENDANT'S  
MOTION TO SUPPRESS

REC'D CUMB CLERKS OFC  
JUL 2 '19 PM4:18

By motion dated January 31, 2018, Ms. Hannan seeks to suppress the results of a blood test which she claims was improperly administered because, although she had ostensibly "consented" to the blood draw, she did so because she believed she had no choice.

The court held an evidentiary hearing on January 17, 2019. Assistant District Attorney William Barry appeared on behalf of the State, and Attorney Peter Rodway appeared on behalf of Ms. Hannan. The court heard testimony from Ms. Hannan as well as from South Portland Police Officer Kaitlyn Thurlow, and in ruling on Ms. Hannan's motion has considered the evidence adduced at hearing as well as the arguments contained in the parties' respective memoranda of law. *See* Memorandum of Law in Support of Motion to Suppress Results of Blood Test, filed March 18, 2009, and State's Memorandum in Opposition to Defendant's Motion to Suppress, filed May 29, 2019.

The facts are essentially undisputed. On July 14, 2017, Ms. Hannan lost control of her vehicle and crashed into a guardrail. EMTs were attending to her when Officer Thurlow arrived at the scene. Officer Thurlow heard Ms. Hannan say that she had had some wine before the crash, and the officer detected the odor of intoxicants. After Ms. Hannan was taken to the hospital for further examination, Officer Thurlow approached Ms. Hannan in the Emergency Department and told her that she believed Ms. Hannan "was under the influence" and that "she would need to take [her] blood." Ms. Hannan verbally consented and Officer Thurlow then had her sign a consent form. Although Ms. Hannan consented to the blood draw and signed the written consent form, she did so because she did not believe she had the option to refuse, having not been advised by Officer Thurlow that she had the right to withhold consent.

Ms. Hannan contends that suppression of the results of the blood draw is warranted because the State failed to meet its burden of showing that the consent was voluntary and not simply "mere acquiescence and cooperation," citing *State v. Boyd*, 2017 ME 36.

*Boyd*, however, is readily distinguishable because in that case the officer did not attempt to obtain consent for the blood test. Rather, the officer had the driver's blood drawn without obtaining any consent and without any warnings or discussion regarding the blood test whatsoever.

Unlike in *Boyd*, the issue presented in this case is whether Ms. Hannan's purported consent was legally and constitutionally ineffective because she had not been told that she had the right to refuse. The U.S. Supreme Court has expressly rejected such an argument, ruling that "knowledge of a right to refuse is not a prerequisite of voluntary consent.... In short, neither this Court's prior cases, nor the traditional definition of 'voluntariness' requires proof of knowledge of a right to refuse as the *sine qua non* of effective consent to a search." *Schneckloth v. Bustamonte*, 412 U.S. 218, 234 (1973).

In *State v. LeMeunier-Fitzgerald*, 2018 ME 85, the Law Court applied *Schneckloth* in considering: "[W]hether, given the need to prevent drivers from operating vehicles while under the influence of intoxicants, it is reasonable to draw a driver's blood without procuring a warrant when the driver has consented to a blood test after being read Maine's statutory warnings about the consequences of refusing to submit to testing." *Id.* ¶ 15. In that case, the officer, reading verbatim from a warning form, informed the driver: "If you are convicted of operating while under the influence ... your failure to submit to a chemical test will be considered an aggravating factor at sentencing which in addition to other penalties, will subject you to a mandatory minimum period of incarceration." *Id.* ¶ 4. After receiving that warning, the driver agreed to submit to a blood test, and a blood sample was taken from her without a warrant. Significantly with respect to Ms. Hannan's contention, the Law Court expressly rejected the argument that the recital of adverse consequences stemming from a refusal to submit undermined the voluntariness of the consent provided. *See id.* ¶ 31 ("In sum, when probable cause exists, a warrantless blood test is not unreasonable when a driver has consented to testing after being warned that the lower limit of a court's sentencing range will increase if the driver refuses to submit to testing and is ultimately convicted of OUI.").

2

Applying *LeMeunier-Fitzgerald*, which in turn applies the U.S. Supreme Court's ruling in *Schneckloth*, the court determines from the totality of the circumstances that Ms. Hannan's consent to the blood test was voluntary and was neither "coerced by explicit or implicit means" nor "induced by deceit, trickery, or misrepresentation." 2018 ME 85, ¶ 22. Accordingly, having found that the State has "proven by a preponderance of the evidence, that an objective manifestation of consent was given" by Ms. Hannan, *id.* ¶ 21, it is hereby ORDERED that Defendant's Motion to Suppress Results of Blood Test is hereby DENIED.

The clerk shall schedule this matter for trial.

DATED: 2 July 19

Jed J. French
Unified Criminal Court

7/2/19

MUR/SC# 254-19

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2017-07211

**DOCKET RECORD**

DOB: 08/10/1996
Attorney:    PETER RODWAY                          State's Attorney:    STEPHANIE ANDERSON
RODWAY & HORODYSKI PA
PO BOX 444
120 EXCHANGE STREET 4TH FLOOR
PORTLAND ME 04112-0444
RETAINED 10/23/2017

Filing Document:    CRIMINAL COMPLAINT                Major Case Type:  MISDEMEANOR (CLASS D,E)
Filing Date:            12/14/2017

**Charge(s)**

1    OUI (ALCOHOL)                                      07/15/2017       SOUTH PORTLAND
Seq 12942         29-A   2411(1-A)(A)          Class D

**Docket Events:**

12/19/2017  FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 12/14/2017

12/19/2017  Charge(s):  1
HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 12/20/2017 at 08:30 a.m. in Room No. 1

PORSC
12/19/2017  Party(s):    PARLEY E HANNAN
ATTORNEY -  RETAINED ENTERED ON 10/23/2017

Attorney: PETER RODWAY
12/20/2017  Charge(s):  1
HEARING - ARRAIGNMENT WAIVED ON 12/20/2017

12/20/2017  Charge(s):  1
PLEA - NOT GUILTY ENTERED BY COUNSEL ON 12/20/2017

12/20/2017  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/06/2018 at 10:00 a.m. in Room No. 7

12/20/2017  Charge(s):  1
TRIAL - JURY TRIAL SCHEDULED FOR 05/14/2018 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/06/2018  HEARING - DISPOSITIONAL CONFERENCE HELD ON 03/06/2018
JOYCE A WHEELER , JUSTICE
Attorney: PETER RODWAY
DA: WILLIAM BARRY
Defendant Not Present in Court
CONF HELD, OFFER MADE. AGREEMENT TO RESET CASE. ALL NEW DATES GIVEN.
03/06/2018  Charge(s):  1
TRIAL - JURY TRIAL CONTINUED ON 03/06/2018

03/06/2018  Charge(s):  1
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 05/22/2018 at 02:00 p.m. in Room No. 7

03/06/2018  Charge(s):  1
TRIAL - JURY TRIAL SCHEDULED FOR 07/23/2018 at 08:30 a.m. in Room No. 11